G Bldrs. IX, LLC v Eden Ballroom, LLC
2026 NY Slip Op 03387
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

G Builders IX, LLC, Plaintiff-Respondent,
v
Eden Ballroom, LLC, et al., Defendants, Carlo Seneca, Defendant-Appellant.

Decided and Entered: June 02, 2026
Index No. 651203/18|Appeal No. 6786|Case No. 2025-02120|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Horn Appellate Group, P.C., Brooklyn (Scott T. Horn of counsel), for appellant.
Law Office of Michael Gasi, East Elmhurst (Michael Gasi of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about January 17, 2025, which denied defendant Carlo Seneca's motion to vacate an order after inquest as it applied to him, unanimously affirmed, with costs.
The court providently exercised its discretion in determining that Seneca failed to provide a reasonable excuse for his default (see SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 38 [1st Dept 2023]). Seneca's representation by counsel throughout this litigation and his signature on two court filings in 2018 and 2019 undermine his assertion that he had no notice of the orders in the case until the May 2024 order after inquest. Plaintiff properly served relevant papers, including notice of the two inquest dates, on defense counsel rather than on Seneca personally (see CPLR 2103[b]). Seneca's explanation that he was not in communication with defense counsel and relied on his codefendants to "handl[e] the defense of this matter" is insufficient to vacate the order. Seneca's "failure to maintain contact with his attorney and to keep himself apprised of the progress of [this] lawsuit . . . is not reasonable" (Higgs v Williams, 178 AD3d 530, 530 [1st Dept 2019] [internal quotation marks omitted]). His deliberate failure to communicate with his own counsel is not the kind of law office failure for which his default should be excused (see id.).
As Seneca failed to proffer a reasonable excuse for his default, this Court need not determine whether he demonstrated a meritorious defense (id. at 530-531).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026